# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL LEON HANSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ARNOLD SCHWARTZNEGGER, BOB FRAUSTO, ELLEN SANCHEZ, and CARLOS VASQUEZ,<br><br>　　　　　　Defendants. | 1:07-cv-01779 OWW GSA<br><br>FINDINGS AND RECOMMENDATION DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

　　　Plaintiff Daryl Leon Hanson ("Plaintiff") filed the instant action on December 7, 2007. He names California governor "Arnold Schwartznegger," San Diego Detective Bob Frausto and San Diego sheriffs Ellen Sanchez and Carlos Vasquez. His complaint consists of two pages and the exact nature of his claim is not apparent.

A.　Screening Standard

　　　Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Services, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Discussion

In his complaint, Plaintiff alleges that he worked as a drug informant for the San Diego Sheriff's Department in 1992. He further alleges that he "got set up by a black man with a briefcase of cash and a leather bag of unknown contents" in 1996 and the "man followed from San Diego on a grey hound bus to Portland, Oregon via Los Angeles." Plaintiff states:

> I got off in Cottage Grove Oregon and rented a hotel room. People showed up outside my hotel room wanting to kidnap me and kill me. I tried to kill myself, then burned down the hotel because of no phone. Detective Bob Frausto lied about my employment at the department. I had to go to prison in Oregon for three years.

1  The remainder of his complaint consists of a full page of "notes from television" about his case.

2   Plaintiff's complaint is totally deficient and fails to meet the pleading standard of Rule 8.

3  It fails to state any basis for this Court's jurisdiction and wholly fails to state a short and plain

4  statement of his claim.  In fact, although Plaintiff mentions Defendants Ellen Sanchez and

5  Arnold Schwartznegger in the complaint, he does not make any allegations against them.

6  Plaintiff does not appear to mention defendant Carlos Vasquez.  Instead, Plaintiff first sets forth a

7  short narrative and then a series of alleged quotes from the television without any indication of

8  his claims.

9   In its current form, then, the Complaint states no discernable claims for relief.  The

10 complaint is so deficient, in fact, that it is difficult for this Court to analyze.  As stated above,

11 Plaintiff's complaint includes references to alleged quotes from persons appearing on television

12 during network news broadcasts and a football game.  For example, Plaintiff's complaint

13 includes the following:

14  (1) "10-01-07 5:50 p.m. (ABC Nightly News) (Black Chief Justice Johnson) 'Its illegal to controll Diane Rice with this case, it's obvious he is related to Tom
15    Cruse'. (Charles Gibson) 'Darlene proved he is related to Tom Cruse;'"

16  (2) "10-13-07 - (TV) 'Tom proved that he signed the contract, that means that Bob is a snitch' (1:40 Football Game) 'LA proved that he is related to the cops, they
17    proved that they were gonna kill him in the basement' [I signed the San Diego Sheriffs Contract in the basement of the Lemon Grove Sub Station in front of Bob
18    Frausto and Ellen Sanchez after Bob swore me in]. (TV) 'Diane has to prove they didnt pay him' [Diane Rice was a girl that I was living with then] 2:15 p.m 'His
19    cousin is a snitch, the DEA promoted him;'"

20  (3) "10-23-07 (Nightly News Arnold Schwartznegger during San Diego Fire) 'This is a tragedy, it's illegal to set up an informer, I gave Daryl Leon Hanson the one
21    hundred million dollars;'" and,

22  (4) "10-30-07 (TV) 'Everything is Kevins, Darlene proved that Kevin is Daryl's biological brother.' [I proved that Kevin Federline is related to Brittany Spears]."

23  In addition to asserting no discernable claims, Plaintiff's complaint is nonsensical and

24 frivolous.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

25 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

26 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

27 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

28

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
3  Cir. 1989); Franklin, 745 F.2d at 1227.
4      Plaintiff's allegations have no arguable basis in law or fact and this deficiency cannot be
5  cured by amendment.  Therefore, the Court recommends that his complaint be DISMISSED
6  WITHOUT LEAVE TO AMEND.

RECOMMENDATION

8      Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED
9  WITHOUT LEAVE TO AMEND.
10     This findings and recommendation is submitted to the Honorable Oliver W. Wanger,
11 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and
12 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District
13 of California.  Within thirty (30) days after being served with a copy, any party may file written
14 objections with the Court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections
16 shall be served and filed within ten (10) court days (plus three days if served by mail) after
17 service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
18 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the
19 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
20 F.2d 1153 (9th Cir. 1991).

23     IT IS SO ORDERED.
24     Dated:   **December 17, 2007**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE